**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4443**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JOHN ROBERT MYERS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:08-cr-01072-RBH-6)

Submitted:  December 21, 2010          Decided:  January 14, 2011

Before DUNCAN, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Russell W. Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant.  Arthur Bradley Parham, Rose Mary Sheppard Parham, Assistant United States Attorneys, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant John Robert Myers pled guilty to one count of conspiracy to distribute fifty or more grams of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(A) (2006). The district court sentenced Myers to 120 months' imprisonment. Myers timely appealed.

Myers' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the adequacy of Myers' Federal Rule of Criminal Procedure 11 hearing; whether Myers' knowingly and voluntarily waived his appellate rights; and whether Amendment 706 to the United States Sentencing Guidelines applies to this case. Myers received notice of his right to file a pro se supplemental brief, but did not do so. Because we find no meritorious grounds for appeal, we affirm.

First, Myers questions whether the district court adequately advised him during his Rule 11 hearing, and, relatedly, whether his waiver of his appellate rights was knowing and voluntary. Prior to accepting a guilty plea, a district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty.

2

Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." DeFusco, 949 F.2d at 116.

We have thoroughly reviewed the record in this case, and conclude that the district court complied with the mandates of Rule 11 in accepting Myers' guilty plea. Thus, we hold that the record affirmatively shows there was a factual basis for Myers' plea, Myers understood the constitutional rights he waived in pleading guilty, and Myers' guilty plea — including his appellate waiver — was knowing and voluntary.

Next, Myers questions whether Amendment 706 to the United States Sentencing Guidelines, which provided for a two-level downward adjustment to "'the base offense level assigned to each threshold quantity of crack listed in the Drug Quantity Table in section 2D1.1,'" should have resulted in a reduced base offense level in this case. United States v. Brewer, 520 F.3d 367, 373 (4th Cir. 2008). The record affirmatively shows Myers already received the benefit of Amendment 706, as his base offense level was calculated pursuant to the 2008 edition of the Sentencing Guidelines, and Amendment 706 became effective November 1, 2007. Brewer, 520 F.3d at 373 (citing United States

3

Sentencing Comm'n, Report to Congress: Cocaine and Federal Sentencing Policy (May 2007)).

Finally, we conclude Myers' sentence was reasonable. This court reviews a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the Guidelines range; (2) determine whether a sentence within that range serves the factors set out in 18 U.S.C. § 3553(a) (2006); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. In the Fourth Circuit, "[a] sentence within the proper Sentencing Guidelines range is presumptively reasonable." United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Rita v. United States, 551 U.S. 338, 347-56 (2007) (upholding presumption of reasonableness for a within-Guidelines sentence).

Here, the district court followed the necessary procedural steps in sentencing Myers, properly calculating the Guidelines sentence, considering the § 3553(a) factors, and sentencing Myers to the mandatory minimum sentence for his crime. Hence, we determine that the sentence imposed by the district court was reasonable.

4

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Myers, in writing, of the right to petition the Supreme Court of the United States for further review. If Myers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Myers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>